Wilfredo Kabiling TRIBUTO,
Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–73196.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Franklin W. Nelson, Esquire, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, William C. Minick, Esquire, U.S. Department of Justice, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Wilfredo Kabiling Tributo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Ap-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals'("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance and his asylum application. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir. 2004), and review de novo questions of law, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Tributo's unexhausted contention that the IJ erred by failing to advise Tributo that the fingerprints he previously provided were out of date. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).

Tributo's contention regarding 8 C.F.R. § 1208.10 is unavailing. Moreover, the IJ did not abuse his discretion in denying Tributo's motion for a continuance because the IJ warned him that failure to provide fingerprints would result in the denial of his application. *See Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246–47 (9th Cir. 2008); *cf. Cui v. Mukasey*, 538 F.3d 1289, 1293–95 (9th Cir.2008). It follows that Tributo's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**